CURNEY *v.* THE STATE.

1. Although in a trial for murder circumstances of justification may appear from evidence introduced by the State as well as from evidence introduced by the accused, there was no error in refusing to charge this principle when the evidence for the State made a plain case of murder, and contained nothing showing any justification whatever; especially is this so when the court had not charged there was any presumption against the accused arising from the fact of the killing, or that there was any burden upon him to show justification.

2. The evidence demanded a conviction for murder, and the court was right in refusing a new trial.　　　*Judgment affirmed.*

　　June 19, 1893. By two Justices.

Indictment for murder. Before Judge SMITH. Ware superior court. April term, 1893.

L. A. WILSON, J. L. CRAWLEY and C. C. THOMAS, for plaintiff in error. J. M. TERRELL, attorney-general, and W. G. BRANTLEY, solicitor-general, *contra.*

---

BURNETT *v.* THE STATE.

1. Section 4540(a) of the code, which makes it penal to furnish intoxicating liquors to a minor, is violated by a person who receives money from a minor with which to procure and pay for such liquor, and at the minor's request purchases and delivers it to him. The belief of such person that the minor was an adult will not protect him, unless this belief was honestly entertained after making proper and reasonable inquiry into the facts—such inquiry as would be reasonable at the time under all the circumstances of the transaction.

2. The mere denial by the accused in his statement, in speaking of the alleged minor, that he "did not know that he was not of age; had not known him long; thought that he was grown," would not of itself warrant the jury in finding non-age, there being no evidence on that subject, according to the agreed brief of evidence. For this reason the court erred in not granting a new trial.

　　July 3, 1893.　　　　　　　　　　　*Judgment reversed.*